IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARY ROTH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BUILDER'S STONE & MASONRY, INC.,<br>et al.,<br><br>    Defendants. | Case No. 19-2747-DDC-GEB |

### MEMORANDUM AND ORDER

This matter comes before the court on Missouri Employers Mutual Insurance Company's ("MEM") Motion for Leave to Intervene (Doc. 65). MEM filed supplemental briefing (Doc. 72) in support of its motion. Plaintiffs do not object to MEM's Motion for Leave to Intervene (Doc. 73) and defendants have not filed a response. For the following reasons, the court grants MEM's unopposed motion.

This action arises from Kevin Roth's death while working on a construction project in Kansas. *See* Doc. 1. Kevin Roth worked for Van Trust Real Estate, LLC ("Van Trust"), at the time of his death on June 3, 2016. *Id.* at 6; *see also* Doc. 66 at 1. MEM insured Van Trust at that time. Doc. 66 at 2. Plaintiff Mary Roth pursued a worker's compensation claim for Kevin Roth's death. *Id.* MEM reports that as of November 25, 2020, she had received $ 208,289.28, from MEM as the insurer of Van Trust. *Id.*

Plaintiffs, including Mary Roth, brought this lawsuit against the named defendants—various construction companies—alleging negligence in the death of Kevin Roth. *See* Doc. 1. Van Trust is not a named defendant and no party in this suit has brought a claim against it. *See*

*id*. As such, MEM filed this Motion for Leave to Intervene claiming a subrogation lien on Mary Roth's recovery from the named defendants under Mo. Rev. Stat. § 287.150.2 for the benefits paid to Mary Roth on behalf of Van Trust.[1]  Doc. 65.

Federal Rule of Civil Procedure 24(a)(2) governs intervening as of right. *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019).  The Tenth Circuit has construed the rule to require:

> A nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties.

*Id.* (internal quotation marks omitted).  MEM satisfies the four elements of the rule.  *First*, MEM's motion is timely because it will not delay or prejudice any existing party.  *Second*, MEM holds an interest in plaintiff Mary Roth's recovery from the named defendants under Mo. Rev. Stat. § 287.150.2 for worker's compensation already paid on behalf of Van Trust.  *Third*, MEM's absence from this lawsuit likely would impair its interests because MEM could not protect its subrogation lien against plaintiff Mary Roth's recovery.  *See* Doc. 66 at 3.  *Fourth*, none of the current parties adequately represent MEM's interests.  And, MEM's interests are in direct conflict with plaintiffs.  MEM contends plaintiffs will not "seek to protect MEM's subrogation lien."  *Id.*  Because of MEM's unique interest in plaintiff Mary Roth's recovery and timely motion to intervene, MEM may intervene as of right.

---

[1]  Mo. Rev. Stat. § 287.150.2 states:

> When a third person is liable for the death of an employee and compensation is paid or payable under this chapter, and recovery is had by a dependent under this chapter either by judgment or settlement for the wrongful death of the employee, the employer shall have a subrogation lien on any recovery and shall receive or have credit for sums paid or payable under this chapter to any of the dependents of the deceased employee to the extent of the settlement or recovery by such dependents for the wrongful death.  Recovery by the employer and credit for future installments shall be computed using the provisions of subsection 3 of this section relating to comparative fault of the employee.

The court next must determine how to align the intervenor.  The Tenth Circuit "uses the substantial-conflict test" in determining how to align an intervenor.  *Price v. Wolford*, 608 F.3d 698, 705 (10th Cir. 2010) (citing *Farmers All. Mut. Ins. Co. v. Jones*, 570 F.2d 1384 (10th Cir. 1978)).  The substantial-conflict test considers whether "the oppositely aligned parties had substantial adverse interests."  *Id.*  In *Price*, our Circuit found "[a]ny sum going to [the intervenor] is taken from Plaintiffs' recovery" so the court could not align the intervenor as plaintiff.  *Id.*  Here too, MEM will take any sum it receives from plaintiff Mary Roth's recovery.  *See* Mo. Rev. Stat. § 287.150.2.  MEM's recovery relies solely on Mary Roth's recovery from the named defendants.  So, the court aligns MEM as a defendant in this case.

MEM is a citizen of Missouri.  Doc. 72 at 6.  Plaintiffs also are citizens of Missouri.  Doc. 1 at 1.  Since this court's jurisdiction to hear the case relies on diversity jurisdiction under 28 U.S.C. § 1332(a) (Doc. 1 at 2), the court also must determine whether adding MEM as intervenor-defendant destroys this court's subject matter jurisdiction.

> Once a district court has jurisdiction, additional claims and parties can be added under the supplemental-jurisdiction statute, 28 U.S.C. § 1367(a), which grants the district court jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  A claim is part of the same case or controversy if it derives from a common nucleus of operative fact.

*Price*, 608 F.3d at 702–03 (internal quotation, citations, and text alterations omitted).  In *Price*, our Circuit found the intervenor's claim to the recovery in the suit "ar[ose] out of the same facts as the underlying tort claim" and joinder of the non-diverse intervenor did not destroy the court's subject matter jurisdiction because supplemental jurisdiction applied.  *Id.* at 703.  This case presents similar facts.  MEM's share of the proceeds from plaintiff Mary Roth's recovery relies on the same tort claims against defendants, making it part of the same case or controversy.

3

Supplemental jurisdiction under § 1367(a) applies to MEM's claims against plaintiff and so diversity jurisdiction will continue to exist after MEM intervenes and is aligned as defendant.

**IT IS THEREFORE ORDERED** that MEM's Motion for Leave to Intervene (Doc. 65) is granted.  The court orders MEM to file its Petition to Intervene (Doc. 66-1) within three days of the date of this order.

**IT IS SO ORDERED.**

Dated this 18th day of December, 2020, at Kansas City, Kansas.

> **s/ Daniel D. Crabtree_____**
> **Daniel D. Crabtree**
> **United States District Judge**