IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARY ROTH,** *et al.***,** | |
| **Plaintiffs,** | |
| v. | Case No. 19-2747-DDC-GEB |
| **BUILDER'S STONE & MASONRY, INC.,** *et al.***,** | |
| **Defendants,** | |
| v. | |
| **MISSOURI EMPLOYERS MUTUAL INSURANCE COMPANY,** | |
| **Intervenor.** | |

## MEMORANDUM AND ORDER

This matter comes before the court on the Application for Approval of Wrongful Death Settlement and Allocation of Proceeds (Doc. 76) filed by plaintiffs Mary Roth, Kory Roth and Kris Roth.

Plaintiff Mary Roth, along with her two adult sons, Kory Roth and Kris Roth, brought this action under the Kansas Wrongful Death Act, Kan. Stat. Ann. §§ 60-1901– 60-1906, to recover for the death of Kevin Roth. The defendants are Builder's Stone & Masonry, Inc., Neighbors Construction Company, Inc, TNT Framing, Inc., Progressive Environmental & Safety Consulting Services a/k/a Progressive Environmental & Safety Consulting Group a/k/a David Redlin, and Park Place Residences I, LLC. Missouri Employers Mutual Insurance Company was granted leave to intervene and since has filed its Intervenor Complaint (Doc. 78).

Plaintiffs reached a settlement with all defendants and filed a motion for apportionment of that settlement (Doc. 76).  Under the Kansas Wrongful Death Act, the court conducted a hearing on that motion on December 22, 2020.  Plaintiffs appeared with their attorney Ben Fadler.  Defendants and intervenor appeared by their counsel.  After reviewing the evidence presented at the hearing and the parties' submissions, the court now is prepared to rule.

**I.      Findings of Fact**

Kevin Roth died from injuries he sustained while working at a construction site.  Plaintiffs retained the services of attorney Pat Bottaro to investigate the matter.  Mr. Bottaro in turn engaged the firm of Ketchmark & McCreight P.C. to help prosecute the case.  Plaintiffs signed a 40% contingent fee agreement with Mr. Bottaro.  Mr. Bottaro, however, has agreed to lower this fee to 33.33% also, he has agreed that he will divide the fees he receives under a separate agreement with Ketchmark & McCreight, P.C.  The attorneys incurred $62,497.51 in costs prosecuting the litigation.

The litigation against these defendants began in the District Court of Wyandotte County, Kansas, where discovery was conducted and the parties engaged in a contested motion practice.  The matter eventually was transferred to the District Court of Johnson County, Kansas.  Plaintiffs then dismissed the Johnson County, Kansas, action and filed this lawsuit raising various allegations against the defendants.  Following discovery and disclosure of plaintiffs' expert witnesses, the plaintiffs reached separate settlements with each defendant.  The total amount of these settlements is $1,597,500.

Plaintiffs now seek the court's apportionment of the settlement proceeds among three Kevin Roth's heirs.  At the time of his death, Kevin Roth was married to Mary Roth and he had two adult sons, Kory Roth and Kris Roth.  Plaintiffs unanimously propose that they equally split the settlement proceeds after deducting:  (1) $62,497.51 in costs; (2) payment of the 33.33% in

requested attorneys' fees; and (3) a negotiated and agreed payment of $126,000.00 to satisfy the workers' compensation lien held by intervenor Missouri Employers Mutual Insurance Company.

## II.     Analysis

"A federal court sitting in diversity must apply the substantive law of the state in which it sits, in this instance, the state of Kansas." *Turman v. Ameritruck Refrigerated Transp., Inc.*, 125 F. Supp. 2d 444, 446 (D. Kan. 2000) (citation omitted). "The method of distributing the amount recovered in a wrongful death action 'depends upon the law of the state which, by its wrongful death statute, creates the cause of action.'" *Id*. at 446-47 (quoting *Kent v. Kan. Power & Light Co.*, 123 F. Supp. 662, 664 (D. Kan. 1954)). Plaintiffs here brought their claims under the Kansas Wrongful Death Act, so the court applies Kansas law.

Kansas law requires the court to apportion any recovery in a wrongful death case after conducting a hearing. Kan. Stat. Ann. § 60-1905. When apportioning the recovery, the court first allows deductions for costs, reasonable attorneys' fees for plaintiffs' counsel, and liens. The court then apportions the remaining recovery among the decedent's heirs in proportion to the loss sustained by each. *Id.*; *see also Flowers v. Marshall*, 494 P.2d 1184, 1187 (Kan. 1972) (explaining that the statute "provides for an apportionment among the heirs of any amount recovered to be made by the trial court according to the loss sustained by each").

### A.     Costs

Kan. Stat. Ann. § 60-1905 allows the court to award counsel their costs incurred during the litigation. *Newton v. Amhof Trucking, Inc.*, 385 F. Supp. 2d 1103, 1109 (D. Kan. 2004). The costs in this case total $62,497.51. The court therefore deducts $62,497.51 from the settlement proceeds to reimburse the costs incurred by counsel.

**B.     Attorneys' Fees**

Kan. Stat. Ann. § 60-1905 "requires the district court to determine a reasonable fee for the plaintiffs' attorneys in a wrongful death case." *Baugh v. Baugh ex rel. Smith*, 973 P.2d 202, 207 (Kan. Ct. App. 1999). "The general rule is that an attorney is entitled to the reasonable value of services performed for the client." *Id.* When deciding whether a requested fee is reasonable, the court considers the factors set forth in Kansas Rule of Professional Conduct 1.5(a). *Id.* Those factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

*Eckel v. Delmar Gardens of Overland Park Operating, LLC*, No. 19-cv-02762-DDC-KGG, 2020 WL 6708614, at *4 (D. Kan. Nov. 16, 2020) (quoting Kan. R. Prof'l Conduct 1.5(a)).

Here, plaintiffs entered a contingency fee agreement with their attorney, Mr. Bottaro. The agreement obligated plaintiffs to pay Mr. Bottaro a 40% contingency fee. Mr. Bottaro, however, has waived his claim to part of that 40% fee and is only seeking one-third of the net settlement as fees. The court finds that a one-third fee in this case is a reasonable one. Rule 1.5(a)'s factors support the requested award.

*First*, Mr. Bottaro and his co-counsel obtained a favorable result for plaintiffs. *Second*, the contingent fee agreement reasonably compensates plaintiffs' counsel for accepting the case on a contingency basis. They accepted the risks and responsibilities that come with such an agreement, and the one-third award reasonably compensates them for doing so. *Third*, the award appears reasonable based on plaintiffs' counsel's litigation experience and reputation. *Finally*,

the attorney fee award is reasonable compared to contingency fees charged and awarded in other wrongful death cases. Indeed, our court has approved attorneys' fees of one-third of the settlement proceeds as reasonable in other cases apportioning wrongful death proceeds under Kan. Stat. Ann. § 60-1905. *See Dudley v. Gagne*, No. 05-2030-JAR, 2006 WL 314347, at *2 (D. Kan. Feb. 3, 2006); *see also Turman v. Ameritruck Refrigerated Transp., Inc.*, 125 F. Supp. 2d 444, 448 (D. Kan. 2000) ("in [the court's] experience . . . a one-third contingency fee is not uncommon in wrongful death actions").

For all these reasons, the court concludes that the one-third contingency fee award requested by plaintiffs' counsel is reasonable, and awards attorneys' fees in the amount of $511,667.48. Awarding this amount not only is reasonable under all the circumstances, such an award also honors an agreement bargained for by competent adults.

**C.     Workers' Compensation Lien**

Workers' compensation benefits were paid in this case under the Missouri Workers' Compensation Law, Mo. Rev. Stat. §§ 287.010–287.811. Under Mo. Rev. Stat. § 287.150.2, Missouri Employers Mutual Insurance Company has a subrogation lien to recover its payments of those benefits. The parties also report that they have negotiated the amount of this lien to $126,000. The parties also have negotiated that Missouri Employers Mutual Insurance Company will receive a credit against future benefits in the amount of $258,480. The court therefore further deducts $126,000 from the settlement proceeds to be paid to Missouri Employers Mutual Insurance Company, with the company to receive an additional credit of $258,480 against future benefits. This, the parties agree, constitutes full satisfaction of the workers' compensation lien.

**D.     Apportionment of Settlement**

After the above deductions for costs, attorneys' fees, and payment of the workers' compensation lien, the remaining settlement proceeds total $897,335.01. The court now

5

considers how to apportion these remaining proceeds to Mr. Roth's heirs. Based upon their testimony, the court concludes that Mary Roth and her two adult sons, Kory Roth and Kris Roth, are the only individuals eligible under the Kansas Wrongful Death Act to participate in the settlement. Based on the testimony and agreement of the heirs, the court concludes that Mr. Roth's three heirs should receive an equal share of the remaining wrongful death settlement proceeds.

### III.  Conclusion

For the reasons explained above, the court apportions the settlement proceeds as follows:

| | |
|---|---:|
| **Gross Settlement Proceeds** | **$1,597,500.00** |
| Reduction to pay costs | $62,497.51 |
| Reduction to pay attorneys' fees | $511,667.48 |
| Reduction to pay workers' compensation lien | $126,000.00 |
| **Remaining settlement proceeds for apportionment** | **$897,335.01** |
| Payment to Mary Roth | $299,111.67 |
| Payment to Kory Roth | $299,111.67 |
| Payment to Kris Roth | $299,111.67 |

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to approve the parties' proposed apportionment (Doc. 76) is granted, as set forth fully in this Order. The court apportions the wrongful death settlement proceeds according to and consistent with this Memorandum and Order.

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2020, at Kansas City, Kansas.

s/ Daniel D. Crabtree_____
Daniel D. Crabtree
United States District Judge
